## S95A0269. RILEY v. THE STATE.
## S95A0695. CARRUTHERS v. THE STATE.
(456 SE2d 507)

HUNSTEIN, Justice.

Anthony Riley was convicted of malice murder and Christopher Carruthers was convicted of felony murder in the shooting death of

---

Richard Hayes. Riley and Carruthers were also convicted of aggravated assault on four other victims. They were given a life sentence for the murder and four consecutive twenty-year sentences for the assaults. They appeal and we affirm in this consolidated opinion.[1]

1. Viewed to support the verdict, the evidence at trial established that following an argument with an employee of the Cheetah III lounge, Riley and Carruthers discharged automatic weapons at the club and its patrons as they drove out of the parking lot. Richard Hayes died as a result of the shooting and four others suffered injuries. The evidence adduced was sufficient to enable a rational trier of fact to find Riley and Carruthers guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We have carefully reviewed appellants' remaining enumerations of error and have found them to be without merit.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 8, 1995.

*Lawrence W. Daniel*, for appellant (case no. S95A0269).
*Hurl R. Taylor, Jr.*, for appellant (case no. S95A0695).
*Lewis R. Slaton, District Attorney, Vivian D. Hoard, Samuel W. Lengen, John M. Turner, Jr., Carl P. Greenberg, Assistant District Attorneys, Michael J. Bowers, Attorney General*, for appellee.

---

[1] The murder and assaults occurred on March 22, 1992. Riley and Carruthers were indicted in Fulton County on August 11, 1992. On October 23, 1992, following a jury trial, Riley was found guilty of malice murder, felony murder and five aggravated assaults. Carruthers was found guilty of felony murder and five aggravated assaults. Both were sentenced on December 4, 1992.

Riley's motion for new trial, filed on December 16, 1992 and amended on March 24, 1994, was denied on September 5, 1994. Riley's notice of appeal was filed on September 20, 1994 and the appeal was docketed in this Court on October 13, 1994. It was submitted for decision without oral argument on January 18, 1995.

Carruthers' motion for new trial was filed on December 9, 1992 and denied on September 15, 1994. Carruthers' notice of appeal was filed on September 15, 1994 and the appeal was docketed in this Court on January 24, 1995. Oral arguments were heard on April 10, 1995.

[2] Riley complains about an unredacted indictment and also contends that the trial court erred in its instructions to the jury concerning OCGA §§ 16-5-20 and 16-2-20. Carruthers contends that the trial court violated OCGA § 17-8-57; that the trial court erred by allowing the prosecutor to supplement jury instructions; that the State's ballistics expert was erroneously allowed to give an opinion concerning the ultimate issue in the case; and that bullet fragments were erroneously admitted into evidence.